(47 App. Div. 32.)

## LEVY v. HANNEMAN.

(Supreme Court, Appellate Division, First Department. January 19, 1900.)

MOTION FOR PREFERENCE—LACHES.
That plaintiff had two days after service of answer in which she might have noticed her case for trial at the pending term, and did not do so, does not make her guilty of such laches as will furnish ground for a refusal of her motion for a preference at the term following.

Appeal from trial term, New York county.

Action by Pauline Levy, an infant, by Bertha Levy, her guardian ad litem, against Louis Hanneman. From an order denying plaintiff's motion for a preference, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

Frederick Wiener, for appellant.
Louis Hanneman, pro se.

PER CURIAM. The action was commenced on July 11, 1899, and issue was joined by service of answer on October 21, 1899. The defendant's time to serve an amended answer did not expire until November 10th. Thereafter the plaintiff filed a note of issue for the December term, and a notice of trial, together with a notice of motion for a preference, for the first Monday of December. There was no opposition to plaintiff's application for a preference, but the motion was denied on the ground of laches. It thus appears that the

note of issue was for the December term, and that the notice of trial and the motion for a preference were for the first Monday of that term; and, in view of these facts, we fail to see upon what laches can be predicated. It is true that the answer was served on October 21st, and the plaintiff had till the 23d to notice the case for trial for the November term, but allowing two days to elapse before moving certainly could not be held to be laches. There is no provision requiring a notice of trial for any particular term after the joinder of issue, except that neglect for an unseasonable time to prosecute the action may result in its dismissal. In regard to a preference, the rule is that the notice of motion for the preference must be served with the notice of trial. This was done here; and the fact that the plaintiff had two days after the service of the original answer in which she might have noticed her case for the November term did not, for the reasons stated, make her guilty of laches in not having within those two days filed a note of issue, and served a notice of trial.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion granted, without costs.